**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **D&A DISTRIBUTION, LLC d/b/a STRICTLY E-CIG,** a corporation, and ROBERT S. ALI an individual, <br><br> Defendants. | Civil Case No.  CV 425-211 <br><br><br> **COMPLAINT FOR PERMANENT INJUNCTION** |

Plaintiff, the United States of America, by and through its undersigned counsel, on behalf of the United States Food and Drug Administration ("FDA"), for its Complaint alleges as follows:

**NATURE OF THE CASE**

1.      Defendant D&A Distribution, LLC d/b/a Strictly E-Cig ("D&A") and owner Defendant Robert S. Ali (together, "Defendants"), receive and sell electronic nicotine delivery system ("ENDS") products, including those marketed as containing flavors such as Miami Mint, Cherry Razz Ice, and Black Cherry Peach. On October 6, 2023, FDA previously warned Defendants that they have been unlawfully distributing or offering for sale adulterated and misbranded ENDS products (hereinafter, "Defendants' ENDS products") in violation of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. §§ 301-399i. Because Defendants have continued to receive, distribute, offer for sale, and/or sell unlawful ENDS products, Plaintiff brings this action to put an end to Defendants' misconduct.

2.      This statutory injunction proceeding is brought under the Act, 21 U.S.C. § 332(a),

to permanently enjoin Defendants from receiving in interstate commerce ENDS products, which

are tobacco products within the meaning of 21 U.S.C. § 321(rr), that are adulterated and

misbranded, and delivering or proffering for delivery such tobacco products for pay or otherwise,

in violation of 21 U.S.C. § 331(c).

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter and all parties to this action

under 21 U.S.C. § 332(a), as well as 28 U.S.C. §§ 1331, 1337, and 1345, because this case involves

claims arising under federal laws regulating commerce and is commenced by the United States of

America as Plaintiff.

4.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c), because

Defendants transact business in Chatham County, within this District and a substantial part of the

events or omissions giving rise to the claims occurred in this District.

## DEFENDANTS

5.      Defendant D&A is a Georgia limited liability company located at 14045 Abercorn

Street, Suite 1614, Savannah, Georgia 31419 (hereinafter, the "facility"), within the jurisdiction of

this Court. Defendant D&A conducts its ENDS product operations from the facility.

6.      Defendant Robert S. Ali is an owner of D&A and serves as D&A's Chief Executive

Officer.

## LEGAL FRAMEWORK

7.      The Act defines a "tobacco product" as including "any product made or derived

from tobacco, or containing nicotine from any source, that is intended for human consumption,

including any component, part, or accessory of a tobacco product." 21 U.S.C. § 321(rr).

8.      A "tobacco product" within the meaning of the Act is generally subject to the requirements of Subchapter IX of Chapter 9 to Title 21 of the United States Code. *See* 21 U.S.C. § 387a(b) (providing that Subchapter IX shall apply to "all cigarettes, cigarette tobacco, roll-your-own tobacco, and smokeless tobacco and to any other tobacco products that [FDA] by regulation deems to be subject to this subchapter."); *see also* 81 Fed. Reg. 28974, 28975-76 (May 10, 2016) (deeming all products meeting the definition of "tobacco product" at 21 U.S.C. § 321(rr), except accessories of such newly deemed products, to be subject to Subchapter IX).

9.      ENDS products generally meet the definition of "tobacco product" at 21 U.S.C. § 321(rr) and include: "devices, components, and/or parts that deliver aerosolized e-liquid when inhaled." FDA, *Guidance for Industry: Enforcement Priorities for Electronic Nicotine Delivery Systems (ENDS) and Other Deemed Products on the Market Without Premarket Authorization (Revised)\** (Apr. 2020), at 9–10, https://go.usa.gov/xuvn5. E-liquids "are a type of ENDS product and generally refer to liquid nicotine and nicotine-containing e-liquids (*i.e.,* liquid nicotine combined with colorings, flavorings, and/or other ingredients)." *Id.*

10.     The Act also defines "new tobacco product" to include "any tobacco product . . . that was not commercially marketed in the United States as of February 15, 2007." 21 U.S.C. § 387j(a)(1). Under 21 U.S.C. § 387j(a)(2), a manufacturer is required to obtain premarket review of new tobacco products and obtain FDA's marketing authorization.

11.     Depending on the tobacco product, a manufacturer may receive FDA marketing authorization through one of three pathways.

a.      First, the manufacturer may submit a premarket tobacco product application ("PMTA") under 21 U.S.C. § 387j. For a PMTA, FDA issues a marketing granted order ("MGO")

permitting marketing of the new tobacco product upon finding, among other things, that the product is appropriate for the protection of the public health. *See* 21 U.S.C. § 387j(c).

        b.       Second, a manufacturer may submit a substantial equivalence ("SE") report under 21 U.S.C. § 387j(a)(2)(A)(i). For an SE report, FDA issues an SE order permitting marketing of the new tobacco product under upon determining, among other things, that the product is substantially equivalent to a tobacco product commercially marketed in the U.S. as of February 15, 2007, or a tobacco product marketed after that date but which FDA previously determined to be substantially equivalent. *See* 21 U.S.C. § 387e(j).

        c.       Third, a manufacturer may submit an exemption request submitted under 21 C.F.R. § 1107.1 and a report under 21 U.S.C. § 387e(j)(1) ("abbreviated report"). FDA reviews those submissions and, upon an appropriate showing, may issue a "found-exempt" order. *See* 21 U.S.C. § 387e(j)(3)(A).

12.      A new tobacco product is required by 21 U.S.C. § 387j(a) to have premarket review unless it has an SE order or found-exempt order in effect. 21 U.S.C. § 387j(a)(2)(A).

13.      A new tobacco product that is required by 21 U.S.C. § 387j(a) to have premarket review and does not have an MGO in effect under 21 U.S.C. § 387j(c)(1)(A)(i) is adulterated under 21 U.S.C. § 387b(6)(A).

14.      A new tobacco product for which a "notice or other information respecting it was not provided as required" under the SE or exemption pathway, including an SE report or an abbreviated report, is misbranded under 21 U.S.C. § 387c(a)(6).

**DEFENDANTS' UNLAWFUL CONDUCT**

15.      Defendants receive ENDS products in interstate commerce which are then delivered or proffered for delivery to their customers.

16.      Defendants also sell and distribute ENDS products in interstate commerce.

17.     Among other ENDS products, Defendants have received, sold, and distributed ENDS products branded under the names Off-Stamp, Space Mary, and Raz. The packaging of these products indicates they were manufactured in China. These products were delivered to Defendants' facility from suppliers outside of the state of Georgia.

18.     Defendants maintain a website, www.strictlyecig.com, from which customers can purchase products.

19.     When a customer purchases Defendants' ENDS products through the website, Defendants ship their ENDS products from the facility in Georgia to the customer. Defendants' customers include wholesale customers located outside of Georgia, including New York, Virginia, Tennessee, North Carolina, Florida, South Carolina, Texas, Alabama, and Michigan.

20.     Defendants' ENDS products are "tobacco products" under 21 U.S.C. § 321(rr). Among other things, Defendants' ENDS products are made or derived from tobacco, or contain nicotine from any source, and are intended for human consumption.

21.     Defendants' ENDS products were not commercially marketed in the United States as of February 15, 2007, and thus  are "new tobacco products" under 21 U.S.C. § 387j(a)(1).

22.     As new tobacco products, Defendants' ENDS products must receive approval from FDA to be lawfully marketed, through either (1) the PMTA pathway, (2) the SE pathway, or (3) the exemption pathway.

23.     Defendants' ENDS products do not have an SE order or found-exempt order in effect, so they are required by 21 U.S.C. § 387j(a)(2)(A) to have premarket review.

24.     Defendants' ENDS products do not have an MGO in effect under 21 U.S.C. § 387j(c)(1)(A)(i), so they are adulterated under 21 U.S.C. § 387b(6)(A).

25.     Additionally, neither an SE report nor an abbreviated report has been submitted for Defendants' ENDS products. Accordingly, Defendants' ENDS products are also misbranded under 21 U.S.C. § 387c(a)(6).

**DEFENDANTS' HISTORY OF MISCONDUCT**

26.     FDA has warned Defendants about their misconduct and explained that continued violations could lead to enforcement action, including an injunction.

27.     During an inspection of D&A between June 7 and 9, 2023, FDA investigators observed that certain ENDS products being held and distributed by D&A lacked required premarket authorization and were, thus, adulterated and misbranded under the Act.

28.     On October 6, 2023, FDA sent Defendants D&A and Robert S. Ali a Warning Letter which explained, among other things, that several of the ENDS products that Defendants were distributing and offering for sale were adulterated and misbranded tobacco products under the Act.

29.     FDA's Warning Letter referenced EB Design BC5000 Disposable Pod Device Lemon Mint 40 mg/ml and stated, "new tobacco products" generally must "have a [FDA] premarket authorization order in effect" in order "to be legally marketed in the United States." FDA's Warning Letter also explained that "[a]ll new tobacco products on the market without the statutorily required premarket authorization are marketed unlawfully and are subject to enforcement" and that "[t]he violations discussed in this letter do not necessarily constitute an exhaustive list." The Warning Letter emphasized that Defendants "should take prompt action to address any violations . . . that are the same as or similar to those stated above, and take any necessary actions to bring your tobacco products into compliance" with the Act.

30.     On October 23, 2023, Defendant Robert S. Ali responded to the Warning Letter, stating D&A had ceased all sales of an ENDS product identified in the Warning Letter and would not sell that product in the future.

6

31.    FDA conducted another inspection at the facility between March 4 and 6, 2024. During that inspection, FDA investigators found that D&A was still holding and offering for sale adulterated and misbranded ENDS products.  During a March 5, 2024 meeting with Defendant Robert S. Ali, an FDA investigator discussed the October 6, 2023 Warning Letter and reminded Defendant Robert S. Ali that marketing and distributing tobacco products without marketing authorization from FDA is subject to enforcement action, including, among other things, injunction.

32.    Between August 12 and 14, 2025, FDA investigators returned to the facility. Their inspection revealed that Defendants have continued to receive, distribute, offer for sale, and/or sell adulterated and misbranded ENDS products in interstate commerce. Specifically, Defendants received or are holding, offering for sale, and distributing Raz LTX ENDS products, which they received from a supplier in California and subsequently shipped to a customer in New York.

## ONGOING VIOLATIONS

33.    Despite prior warnings and notifications from FDA, Defendants have not brought themselves into compliance with the Act.

34.    Unless restrained by this Court, Defendants are likely to continue to violate the Act in the manner set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    Enter judgment against Defendants and in favor of the Plaintiff for violations of the Act as alleged in this Complaint;

B.    Permanently restrain and enjoin, under 21 U.S.C. § 332(a), Defendants, and each and all of their directors, officers, agents, representatives, employees, attorneys, successors,

assigns, and any and all persons in active concert or participation with any of them, from receiving in interstate commerce ENDS products, which are tobacco products within the meaning of 21 U.S.C. § 321(rr), that are adulterated and misbranded, and delivering or proffering for delivery such tobacco products for pay or otherwise, in violation of 21 U.S.C. c 331(c).

C.      Order that FDA be authorized pursuant to this injunction to inspect Defendants' places of business and website(s), and all records relating to the sale and distribution of Defendants' ENDS products, to ensure continuing compliance with the terms of the injunction, with the costs of such inspections to be borne by Defendants at the rates prevailing at the time the inspections are accomplished;

D.      Award Plaintiff its costs incurred in pursuing this action, including the costs of investigation to date; and

E.      Award such other equitable relief as the Court deems just and proper.

DATED: September 10, 2025                    Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SARMAD M. KHOJASTEH
Acting Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director
Consumer Protection Branch

*/s/ Paulina Stamatelos*
PAULINA A. STAMATELOS
Trial Attorney
New York State Bar No. 4351649
U.S. Department of Justice
450 5th Street, N.W.
Washington, DC 20044

8

Tel: 202-353-7744
Pauline.A.Stamatelos@usdoj.gov

MARGARET E. HEAP
United States Attorney

/s/ *Bradford C. Patrick*
BRADFORD C. PATRICK
Assistant United States Attorney
South Carolina Bar No. 102092
U.S. Attorney's Office
Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422
Fax: (912) 652-4227
bradford.patrick@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*

ROBERT FOX FOSTER
Acting General Counsel
Chief Counsel for Foods, Research, and
Drugs
U.S. Department of Health and Human
Services

SEAN R. KEVENEY
Chief Counsel
Food and Drug Administration

SHANNON M. SINGLETON
Deputy Chief Counsel, Litigation

DANLI SONG
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Ave.
White Oak 31
Silver Spring, MD  20993-0002

*Of Counsel*